# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

Filed/Docketed
Jul 12, 2024

| | |
|---|---|
| IN RE:<br><br>JOSEPH KEARNEY GUERTIN and<br>LISA LYNN GUERTIN,<br><br>        Debtors. | Case No. 22-10493-M<br>Chapter 7 |
| STEVEN W. SOULÉ, TRUSTEE FOR THE BANKRUPTCY ESTATE OF JOSEPH KEARNEY GUERTIN AND LISA LYNN GUERTIN,<br><br>        Plaintiff,<br><br>v.<br><br>KENNETH GUERTIN, individually,<br><br>        Defendant,<br><br>KENNETH GUERTIN, as Trustee of the Kenneth Guertin and Carol Guertin Living Trust dated March 27, 2018;<br><br>        Defendant,<br><br>CAROL GUERTIN, individually;<br><br>        Defendant,<br><br>CAROL GUERTIN, as Trustee of the Kenneth Guertin and Carol Guertin Living Trust dated March 27, 2018;<br><br>        Defendant, and<br><br>NTR, LLC a/k/a NTR LLC,<br><br>        Defendant. | Adversary No. 24-01011-M |

## ORDER DETERMINING BANKRUPTCY COURT JURISDICTION PURSUANT TO DISTRICT COURT LOCAL CIVIL RULE 84-1(b)(4) AND 28 U.S.C. § 157(b)(3) IN CONNECTION WITH MOTION TO WITHDRAW REFERENCE OF ADVERSARY PROCEEDING

THIS MATTER comes before the Court pursuant to the Motion to Withdraw Reference of Adversary Proceeding (the "Motion"), filed June 26, 2024, by Kenneth Guertin, individually; Kenneth Guertin, as Trustee of the Kenneth Guertin and Carol Guertin Living Trust dated March 27, 2018; Carol Guertin, individually; and Carol Guertin, as Trustee of the Kenneth Guertin and Carol Guertin Living Trust dated March 27, 2018 (collectively the "Guertin Defendants").[1] Under the local rules of the United States District Court for the Northern District of Oklahoma (the "District Court"), it falls to the bankruptcy court to make a determination as to whether this adversary proceeding lies within the core jurisdiction of this Court under 28 U.S.C. § 157(b).[2] After review of the pleadings and papers on file in this case, the Court concludes that this adversary proceeding presents statutorily core matters pursuant to § 157(b)(2)(H); nonetheless, this Court finds that the claims should be treated as non-core claims within the meaning of § 157(c). In addition, the Court finds that the Guertin Defendants have timely and properly preserved their right to a jury trial and have not consented to the conduct of same by this Court.[3] Nor do the Guertin Defendants consent to the entry of final orders or judgment by this Court.[4]

---

[1] ECF No. 15. All references to the docket are to Adv. Proc. No. 24-01011-M unless otherwise indicated.

[2] This Order is entered pursuant to 28 U.S.C. § 157(b)(3) and N.D. Okla. LCvR 84-1(b). All future references to "§ 157" are to 28 U.S.C. § 157.

[3] *See* Motion, ECF No. 15.

[4] *See* Answer, ECF No. 14.

## Jurisdiction

The bankruptcy court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), and venue is proper pursuant to 28 U.S.C. § 1409.[5] Reference to the Court of this matter is proper pursuant to § 157(a). This is a core proceeding as contemplated by § 157(b)(2)(A). This Order is submitted pursuant to § 157(b)(3), N.D. Okla. Civil Rule 84-1(b)(4), and Federal Rule of Civil Procedure 38, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 9015(a).

## Background

Joseph Kearney Guertin and Lisa Lynne Guertin ("Debtors") filed a voluntary petition for relief under chapter 7 of title 11 (the "Bankruptcy Case") on May 31, 2022. Steven W. Soulé ("Trustee") is the duly appointed and acting chapter 7 trustee of the bankruptcy estate.

Trustee filed this adversary proceeding on May 29, 2024. Trustee seeks to avoid alleged pre-petition fraudulent transfers to the Kenneth Guertin and Carol Guertin Living Trust dated March 27, 2018 (the "Living Trust") and NTR, LLC a/k/a NTR LLC, pursuant to § 548, § 544, sections 116, and 121 of title 24 of the Oklahoma Statutes, and to recover the transfers under § 550(a). On June 26, 2024, the Guertin Defendants filed the Motion, which includes a demand for jury trial as well as a statement that they do not consent to the conduct of such trial by this Court. None of the Guertin Defendants have filed a proof of claim in the Bankruptcy Case. The Motion requests the reference of this matter be withdrawn from the bankruptcy court in order that the Guertin Defendants right to a jury trial before an Article III court on the fraudulent transfer actions be preserved. Trustee has responded with an objection to the Motion.[6] Although Trustee

---

[5] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq.
[6] ECF No. 19.

consents to the entry of final orders and judgment by this Court in any non-core proceedings, the Guertin Defendants do not.[7] While the determination of whether to withdraw the reference falls to the District Court, the issue of whether this adversary proceeding is a core proceeding is ripe for determination by this Court.

## Discussion

The statutory directive and purpose of this Order is for the presiding bankruptcy judge to make a determination "whether a proceeding is a core proceeding under [§ 157(b)] or is a proceeding that is otherwise related to a case under title 11."[8] The Local Civil Rules of the District Court similarly require a bankruptcy judge, upon motion of the parties, "to enter an order pursuant to 28 U.S.C. § 157(b)(3), determining whether the proceeding is a core proceeding or a proceeding that is otherwise related to a case under Title 11."[9] A plain reading of the statute and rule directs this Court to address a very narrow question: whether the claims and counterclaims brought in this adversary proceeding constitute a "core proceeding under" § 157(b), or "whether it is a proceeding that is otherwise related to a case under Title 11."[10] The distinction is critical: bankruptcy courts may enter final orders and judgments in "all core proceedings arising under title 11, or arising in a case under title 11";[11] while in non-core proceedings a bankruptcy judge, absent the consent of the parties, may only "submit proposed findings of fact and conclusions of law to the district court."[12]

---

[7] ECF No. 1, at 3; ECF No. 14, at 2.
[8] § 157(b)(3).
[9] N.D. Okla. LCvR 84-1(b)(4).
[10] § 157(b)(3).
[11] § 157(a), (b)(1).
[12] § 157(c)(1). *See also Stern v. Marshall*, 564 U.S. 462, 471 (2011); *Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 34 (2014).

The United States Supreme Court tells us that classification of a proceeding as "core under § 157(b)(2)" is a necessary, but not sufficient, condition to determine the authority of a bankruptcy court to enter final judgments without the consent of the parties.[13] Section 157(b)(2) sets out a non-exclusive list of matters that constitute *statutorily* core bankruptcy proceedings.[14] In *Stern v. Marshall*, the Court "made clear that some claims labeled by Congress as 'core' may not be adjudicated by a bankruptcy court in the manner designated by § 157(b)."[15] "[P]roceedings that are defined as 'core' under § 157(b) but may not, as a constitutional matter, be adjudicated as such (at least in the absence of consent)" have come to be known as "*Stern* claims."[16] The Supreme Court has clarified that if such a core proceeding under § 157(b)(2) is "not a core proceeding" under *Stern*, but is "otherwise related to a case under title 11," then it falls within § 157(c), and should be treated by the courts as a non-core proceeding under that statute.[17]

All counts of the Complaint seek the avoidance of alleged fraudulent transfers of property from Debtors to the Living Trust under § 548, § 544(b)(1), and state law, or the recovery of that property under § 550(a)(1)-(2).[18] These are classic *Stern* claims.[19] Although § 157(b)(2)(H)

---

[13] *Stern*, 564 U.S. at 462; *Arkison*, 573 U.S. at 25; *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665 (2015).
[14] *See* § 157(b)(2).
[15] *Arkison*, 573 U.S. at 35 (discussing *Stern*).
[16] *Id*. at 35 (defining *Stern* claims).
[17] *Id*. at 36. *See also In re Galaz*, 22-CV-0186, 2022 WL 1813908, at *2 (N.D. Okla. June 2, 2022) (Eagan, J.).
[18] ECF No. 1.
[19] *Arkison*, 573 U.S. at 38 (finding fraudulent conveyance claims to be *Stern* claims, i.e., "not . . . core" and "related to a case under title 11") (quoting § 157(c)(1)); *Stern*, 564 U.S. at 492 ("We reasoned that fraudulent conveyance suits were 'quintessentially suits at common law that more nearly resemble state law contract claims brought by a bankrupt corporation to augment the bankruptcy estate than they do creditors' hierarchically ordered claims to a pro rata share of the bankruptcy res.'") (discussing and quoting *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 56 (1989)). *See also In re Renewable Energy Dev. Corp.*, 792 F.3d 1274, 1280 (10th Cir. 2015), *as amended on denial of reh'g* (July 28, 2015) ("*Stern* seemed to suggest that fraudulent conveyance

classifies "proceedings to determine, avoid, or recover fraudulent conveyances" as core proceedings, the Supreme Court has consistently treated such claims as being "within the scope of § 157(c)(1)—that is, 'not . . . core' proceedings but 'otherwise related to a case under title 11.'"[20] Given the Guertin Defendants' lack of consent to this Court hearing and determining the fraudulent transfer claims, the Court concludes that it does not have constitutional authority under *Stern* to enter final orders on all counts, despite their denomination as core pursuant to § 157(b)(2)(H).

Each of Trustee's claims, as fraudulent transfer actions, trigger a Seventh Amendment right to a jury trial before an Article III court.[21] In *Granfinanciera, S.A. v. Nordberg*,[22] the Supreme Court established the principle that "when a proper demand for a jury trial has been made, a person who had not submitted a claim against a bankruptcy estate has a Seventh Amendment right to a jury trial when sued by a trustee to recover alleged fraudulent conveyances of property."[23] In order to be "proper," a demand for jury trial must be in writing and made in accordance with Federal Rule of Civil Procedure 38(b), and must be combined with *either* 1) a motion to withdraw the reference from the bankruptcy court, *or* 2) a written consent to trial before the bankruptcy court.[24] Failure to combine the demand with a motion or consent will result in a waiver of the right to jury

---

cases involve private rights and thus are of the sort that (absent consent) must be decided in Article III courts.").

[20] *Arkison*, 573 U.S. at 37-38. *See also Granfinanciera*, 492 U.S. at 33.

[21] Trustee acknowledges that the Guertin Defendants are entitled to a jury trial on the Trustee's claims under sections 548(e) and 544(b)(1). *See* Trustee's Response in Opposition to Defendants' Motion for Withdrawal of Reference, ECF No. 19, at 3.

[22] 492 U.S. at 33 (1989).

[23] *Stainer v. Latimer (In re Latimer)*, 918 F.2d 136, 137 (10th Cir. 1990) (citing *Granfinanciera*, 492 U.S. at 33).

[24] § 157(e); *In re Latimer*, 918 F.2d at 137 ("We hold that to avoid waiver, parties seeking a jury trial must combine their request for a jury trial with a request for transfer to the district court."); *In re Hassan*, 375 B.R. 637, 645 (Bankr. D. Kan. 2006) (same).

trial.[25]  Under local rule, in order for a request to withdraw the reference to be timely, it must be filed and served at the same time the party making the request files its first pleading responding to the claims in the adversary proceeding.[26]

In this case, the Guertin Defendants' right to trial by jury on all counts is firmly established by *Granfinanciera*.  The Guertin Defendants have not filed a claim in the underlying bankruptcy case, they have made a proper demand for jury trial by stating the demand in the Answer,[27] and they do not consent to the conduct of that trial before this Court.  The Motion was made in writing in the Guertin Defendants' first pleading filed with the Court and served.  The Court finds that the Guertin Defendants have made a timely and proper demand for jury trial filed in combination with a timely request to withdraw the reference and transfer this proceeding to the District Court.  All appears to be in order procedurally, and the Guertin Defendants have preserved their Seventh Amendment right to a jury trial.  Of course, this Court is prepared to conduct all pre-trial matters and transfer the case to the District Court at the appropriate time for trial.

Accordingly,

THIS COURT FINDS AND CONCLUDES that Adversary Proceeding No. 24-01011-M is a statutorily core proceeding under 28 U.S.C. § 157(b)(2)(H), but should be treated as non-core pursuant to 28 U.S.C. § 157(c).  In addition,

IT IS HEREBY ORDERED that the Clerk of this Court transmit a copy of this Order, together with a copy of the record of this adversary proceeding to the Clerk of the United States

---

[25] *In re Latimer*, 918 F.2d at 137; *In re Hassan*, 375 B.R. at 645.  *See also* Fed. R. Civ. P. 38(d).

[26] N.D. Okla. LCvR 84-1(b)(2).

[27] ECF No. 14.

District Court for the Northern District of Oklahoma, so that the District Court may consider the Motion.

IT IS FURTHER ORDERED that this adversary proceeding shall proceed before this Court unless and until the United States District Court for the Northern District of Oklahoma enters an order withdrawing the reference of this adversary proceeding.

Dated this 12th day of July, 2024.

BY THE COURT:

TERRENCE L. MICHAEL, CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT

7947.1